# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re<br><br>Raviv Wolfe,<br><br>      Debtor. | Case No. 10-33168<br><br>Chapter 7<br><br>Honorable Judge Black |
| Central Valley Ranch, LLC, a California limited liability company; Gordon W. Shaw Properties, Inc., a California corporation and William Barkett<br><br>      Plaintiffs,<br><br>      v.<br><br>Raviv Wolfe,<br><br>      Defendant. | Adv No.<br><br>**ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR** |

Plaintiffs, Central Valley Ranch, LLC, Gordon W. Shaw Properties, Inc. and William Barkett, by and through their attorneys, Aronberg Goldgehn Davis & Garmisa and Gilmore, Wood, Vinnard & Magness, as and for their adversary complaint against Debtor/Defendant, Raviv Wolfe, state as follows:

## PARTIES

1.    Plaintiff Central Valley Ranch, LLC ("CVR"), is a California limited liability company with its principal place of business and real property in Kern County, California.

2.    Plaintiff Gordon Shaw Properties, Inc. ("Gordon Shaw") is a California corporation with its principal place of business and real property in Madera County, California.

3.    Plaintiff William Barkett is a resident of San Diego County in the State of California.

1

4.  Plaintiffs are informed and believe and thereon allege that Defendant Raviv Wolfe ("Wolfe") is a resident of the State of Illinois.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.  Plaintiff CVR owns and operates an almond orchard in Kern County comprised of approximately 660 acres.

6.  Plaintiff Gordon Shaw owns and operates a wine grape vineyard in Madera County comprised of approximately 470 acres.

7.  On an annual basis, Plaintiffs CVR and Gordon Shaw obtain farming lines of credit to farm the properties with the loans being repaid from the proceeds of the farming operations at the conclusion of the crop year. The properties are also subject to permanent financing.

8.  In 2008, the crop financing for both Plaintiffs was provided through County Bank. In late 2008 or early 2009, County Bank was taken over by federal bank regulators and then its assets, including the outstanding crop loans to Plaintiffs, sold to West America Bank.  Prior to the government takeover of County Bank, County Bank had agreed to provide crop financing to Plaintiffs for the 2009 crop year.  After taking over County Bank, however, West America Bank notified Plaintiffs it would not provide crop financing to CVR or Gordon Shaw for 2009 despite the promises made by County Bank to do so.  Plaintiffs thus sought out other sources for crop financing on an emergency basis since it was already into the 2009 crop year and Plaintiffs were incurring costs on a monthly basis to maintain the properties and produce the crops.  Plaintiffs also sought to refinance other debt on the Plaintiffs' properties.

9.  In or about May 2009, William Barkett, the authorized agent for Plaintiff CVR, was approached by Defendant Wolfe and Bryan Pilosi of Serenity Financial Group ("Serenity

2

Financial"). Defendant Wolfe and Bryan Pilosi confirmed that World Wide Investments, LLC II, a Delaware limited liability company ("World Wide"), could supply the financing required by Plaintiffs on an expedited basis. Plaintiffs immediately contacted World Wide and began the process to obtain the necessary financing, including submitting an application for financing on both CVR and Gordon Shaw.

10. On or about June 1, 2009, Plaintiff CVR was provided a term sheet by Defendant Wolfe and World Wide for a loan in the amount of $6,750,000.00 secured by the CVR farm property. The term sheet called for a fee and deposit totaling $41,500.00. William Barkett signed it on behalf of Plaintiff CVR but the parties agreed to a reduced fee/deposit of $26,500.00 and Plaintiffs paid to World Wide the sum of $26,500.00 as a fee and deposit. A true and correct copy of the term sheet is attached hereto as Exhibit 1.

11. On or about June 3, 2009, Plaintiff Gordon Shaw was provided a term sheet by Defendant Wolfe and World Wide for a loan in the amount of $6,525,000.00 secured by the Gordon Shaw property. The term sheet calls for Gordon Shaw to pay fees and a deposit totaling $53,000.00 for that loan commitment. The parties agreed, however, to reduce that fee to $26,500.00 and Plaintiff paid that to World Wide. A true and correct copy of that term sheet is attached hereto as Exhibit 2.

12. Under the term sheet agreed to by Plaintiffs, a portion of the amounts that were advanced to World Wide was to cover the cost of appraisals and reports that World Wide claimed were needed for the loans to proceed. Plaintiffs were, and are, according to the term sheets, entitled to copies of the appraisals and reports on request.

13. Once Plaintiffs signed the term sheets in early June 2009, Plaintiffs proceeded to supply World Wide and Defendant Wolfe with any and all information requested by World Wide

and Defendant Wolfe so World Wide could complete its due diligence. Plaintiffs provided whatever information was requested.

14. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe and World Wide conducted due diligence to ascertain whether the loans should proceed. Plaintiffs and World Wide communicated over the telephone and by email frequently. Plaintiffs answered all of World Wide's questions.

15. Defendant Wolfe and World Wide were made aware by Plaintiffs during this process that the need to obtain the loans was urgent in that the properties involved growing crops that needed to be cared for on an ongoing basis, that Plaintiffs were incurring costs monthly, that Plaintiffs' prior lender, County Bank, no longer existed, and that West America was refusing to consider loans to Plaintiffs.

16. On or about August 3, 2009, Plaintiff Gordon Shaw received a "Loan Approval" from World Wide for a loan of $6,525,000.00 with interest at 8.59% all secured by the Gordon Shaw property and guaranteed by William Barkett, the principal of Gordon Shaw. A true and correct copy of that Loan Approval is attached hereto as Exhibit 3.

17. As part of the Loan Approval which was accepted and relied on by Plaintiffs, Plaintiffs paid to World Wide a loan commitment fee of $16,500.00. Plaintiffs are informed and believe and thereon allege that a portion of that fee went to Serenity Financial as a commission or other fee.

18. On or about August 17, 2009, Plaintiff CVR received Loan Approval from World Wide for a loan in the amount of $6,750,000.00 with interest at 8.9% secured by the CVR property and personally guaranteed by William Barkett, the principal of CVR. A true and correct copy of that Loan Approval is attached hereto as Exhibit 4.

4

19. As part of the Loan Approval for CVR, Plaintiffs paid an additional loan commitment fee of $16,500.00. Plaintiffs are informed and believe and thereon allege that a portion of that fee went to Serenity Financial as a commission or other fee.

20. Despite the Loan Approvals, World Wide and Defendant Wolfe continued to demand additional information from Plaintiffs and failed to actually advance any funds to Plaintiffs. Plaintiffs continued to work with World Wide and Defendant Wolfe based on Defendant Wolfe's and World Wide's continued representation that the loans would fund soon.

21. During the delay in dealing with World Wide, Plaintiffs continued to incur additional fees and interest, including default interest and costs to West America and other parties including the farm management company. Plaintiffs were unable to pay all obligations they accrued in the interim. Some obligations other than to West America went into default.

22. Because Defendant Wolfe and World Wide continued to indicate to Plaintiffs that the loans would fund soon, i.e., within days, Plaintiffs did not start looking for other potential lenders right away even though Plaintiffs had the ability to do so.

23. Plaintiffs insisted that World Wide live up to the Loan Approvals and demanded that the loans be funded. World Wide refused to do so.

24. On or about October 20, 2009, World Wide and Defendant Wolfe informed Plaintiffs that the loans were "denied" despite the Loan Approvals already issued.

25. Plaintiffs immediately demanded copies of all appraisals and reports to which they are entitled and demanded a return of all fees paid.

26. Defendant Wolfe and World Wide refuse to provide the appraisals or the reports and refuse to return any of the fees paid as they contend the loans had not closed because Plaintiffs failed to provide necessary information or that Plaintiffs misrepresented the status of

the properties or the liens against them.  These contentions are false.

27. Defendant Wolfe now contends that Plaintiffs are trying to commit loan or mortgage fraud in seeking the loans.  Such statements are defamatory.  No misrepresentations were ever made.  The information provided by Plaintiffs was accurate in all respects.

28. World Wide is not licensed or registered to do business in California and consequently is barred from doing business in California.  It holds no license in California pursuant to which it is authorized to make loans in California.  As a consequence the transactions here were, and are, illegal.

29. Serenity Financial is not licensed or registered to do business in California and consequently is barred from doing business in California.  It holds no license in California pursuant to which it is authorized to make loans or assist in making loans in California.  As a consequence the transactions here were, and are, illegal.

30. Defendant Wolfe has no license to be making or arranging loans in California.

31. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe is the alter ego of Serenity Financial and an injustice would result if he was permitted to use Serenity Financial to shield himself from personal liability.

32. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe is an agent of World Wide and of Serenity Financial and at all times was acting on these entities' behalf.

33. On or about January 5, 2010, Plaintiffs filed a Complaint in the United States District Court Eastern District of California (Case No. CV00020LJODLB).  That Complaint raised a cause of action against Defendant Pilosi for Illegality/Rescission/Restitution, RICO and Defamation.  A true and correct copy of that Complaint is attached hereto as Exhibit 5.  That

6

case is stayed as to Defendant Raviv Wolfe and Defendant Bryan Pilosi due to their bankruptcy filing. Plaintiffs incorporate the allegations of that complaint herein and rely on those allegations as further proof to avoid discharge.

34. On or about July 27, 2010, Defendant Wolfe filed a voluntary petition for Chapter 7 bankruptcy (U.S. Bankruptcy Court Northern District of Illinois Case No. 10-33168).

## FIRST CAUSE OF ACTION

**(Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))**

35. Plaintiff incorporates ¶¶ 1 to 34 into this cause of action.

36. Defendant Wolfe purported to be licensed to be making and arranging loans in California.

37. Defendant Wolfe was an agent of World Wide and Serenity Financial and purported to act on behalf of these entities. By soliciting loans from Plaintiffs, Defendant Wolfe purported that World Wide and Serenity Financial were licensed and registered to do business in California.

38. Defendant Wolfe, Serenity Financial and others conspired together to create and operate an enterprise using the name "World Wide" in order to generate and collect fees from potential borrowers with no intentions of actually making loans. Defendant Wolfe solicited Plaintiffs and engaged in a pattern of activity designed to induce Plaintiffs into paying fees and deposits for no return.

39. In order to carry out this enterprise, Defendant Wolfe engaged in, without limitations, the following predicate acts:

(a) Wire fraud in violation of 18 USC §1343 in the use of email and fax to communicate misrepresentations identified herein to Plaintiffs and to promote the fraudulent scheme to generate fees for Defendant Wolfe's benefit;

(b) Mail fraud in violation of 18 USC §1341, in that Defendant Wolfe used the U.S. Postal Service to transmit documents to Plaintiffs as part of his fraudulent scheme to obtain fees and deposits from Plaintiffs;

(c) Illegal and unlicensed acts in that Defendant Wolfe falsely purported that he, World Wide and Serenity Financial were properly registered and licensed to make and arrange loans in California; and

(d) Failure to comply with Applicable Disclosure Requirement under federal and state law in making or arranging the loans.

40. The actions of Defendant Wolfe as alleged herein are part of a scheme and device arranged and carried out by Defendant Wolfe and others in violation of law and hence the enterprise through which Defendant Wolfe operated the scheme violates RICO. 18 USC §1962(a)(b) and (c).

41. Defendant Wolfe and others conspired to establish and maintain the enterprise and to engage in the pattern of racketeering activities all in violation of 18 USC §1962(d).

42. As set forth in this cause of action, Defendant Wolfe obtained $86,000.00 from Plaintiffs for loan commitment fees and deposits by false pretenses, a false representation, and actual fraud. No loan was issued, so that money must be returned to Plaintiffs. This debt should not be discharged in bankruptcy.

## SECOND CAUSE OF ACTION

### (Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

43. Plaintiff incorporates ¶¶ 1 to 42 into this cause of action.

44. Defendant Wolfe sent email and correspondence in which he stated that Plaintiffs were attempting to or were committing fraud in seeking loans from World Wide.

45. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe has made similar statements to third parties all with the intention of defaming Plaintiffs and seeking to dissuade Plaintiffs from seeking return of fees and deposits illegally collected by Defendant Wolfe and World Wide.

46. None of said statements are true. In fact, Plaintiffs have not made any misrepresentations to anyone and there was and is no fraud.

47. Defendant Wolfe acted willfully and maliciously when he defamed Plaintiffs.

48. Plaintiffs have been damaged by the defamation by Defendant Wolfe in that Defendant Wolfe has impugned Plaintiffs' honesty and integrity; all to be shown according to proof.

49. Defendant Wolfe's RICO violations were willful and malicious and Plaintiffs are entitled to damages as provided in 18 USC §1964(c). In addition, as provided in 18 USC §1964(c), Plaintiffs are entitled to recover their attorney's fees.

50. As a result of Defendant Wolfe's violations of RICO, Plaintiffs have been damaged in an amount which will be shown according to proof but which Plaintiffs are informed and believe and thereon allege exceeds $500,000.00 according to proof.

51. The actions by Defendant Wolfe set forth herein constitute willful and malicious injury to Plaintiffs. Defendant Wolfe is liable to pay damages to Plaintiffs for this willful and

malicious injury as set forth herein. This debt should not be discharged in bankruptcy.

      WHEREFORE Plaintiffs pray judgment for:

  1.  A declaration that Defendant Wolfe's debt to Plaintiffs in an amount not less than a) general damages according to proof but not less than $586,000; b) interest thereon at the legal rate; c) treble damages for the RICO Violations; and d) costs including reasonable attorneys fees is not dischargeable in bankruptcy;

  2.  Costs of suit; and

  3.  Such other and further relief as this Court deems just.

DATED: October 29, 2010      CENTRAL VALLEY RANCH, LLC, GORDON
                   W. SHAW PROPERTIES, INC., and WILLIAM
                   BARKETT


                   /s/ Amy M. Rapoport
                    By: Amy M. Rapoport
                    One of their Attorneys

William J. Serritella, Jr., #6210001
wserritella@agdglaw.com
Amy M. Rapoport, #6293612
arapoport@agdglaw.com
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash, Suite 1700
Chicago, IL 60601
Telephone: (312)828-9600
Facsimile:  (312)828-9635

*Of Counsel*
David M. Gilmore, #105429
dgilmore@gwvm.com
Jennifer J. Panicker, #258656
jpanicker@gwvm.com
GILMORE, WOOD, VINNARD & MAGNESS
P.O. Box 28907
Fresno, CA  93729-8907
Telephone: (559) 448-9800
Facsimile: (559) 448-9899

1060482.01

**CERTIFICATE OF SERVICE**

   I, Amy M. Rapoport, an attorney, certify that on October 29, 2010, I caused a true and correct copy of the **Adversary Complaint of Central Valley Ranch, LLC, Gordon W. Shaw Properties, Inc. and William Barkett against Raviv Wolfe** to be served on the following individuals via electronic service and/or U.S. Mail:

Dwight C. Adams
Dwight C. Adams & Associates
1855 Rohlwing Road
Ste. D
Rolling Meadows, IL 60008

Michael G. Berland
1 N. LaSalle St. No. 1775
Chicago, IL 60602

William T. Neary
U.S. Trustee
219 S. Dearborn St.
Room 873
Chicago, IL 60604

            /s/ Amy M. Rapoport
            Aronberg Goldgehn Davis & Garmisa
            330 N. Wabash Ave., Ste. 1700
            Chicago, IL 60611
            Tel: (312) 828-96000