UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re<br><br>Raviv Y. Wolfe,<br><br>Debtor. | CASE NO. 10-33168<br><br>Chapter 7<br><br>Honorable Judge Black |
| Central Valley Ranch, LLC, a California limited liability company, Gordon W. Shaw Properties, Inc., a California corporation, and William Barkett<br><br>Plaintiffs,<br><br>v.<br><br>Raviv Y. Wolfe,<br><br>Defendant. | Adv No. 10A02216<br><br>**ANSWER TO ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR AND AFFIRMATIVE DEFENSE** |

NOW COMES, the Defendant, Raviv Y. Wolfe, by and through its Attorneys, DWIGHT C. ADAMS & ASSOCIATES, and in response to Central Valley Ranch, LLC, adversary complaint, states as follows:

### PARTIES

1.    Plaintiff Central Valley Ranch, LLC ("CVR"), is a California limited liability company with its principal place of business and real property in Kern County, California.

**Plaintiff asserts facts as true Defendant neither admits nor denies these facts but demands strict proof thereof in Paragraph 1.**

2.    Plaintiff Gordon Shaw Properties, Inc. ("Gordon Shaw") is a California corporation with its principal place of business and real property in Madera County, California.

1

**Plaintiff asserts facts as true Defendant neither admits nor denies these facts but demands strict proof thereof in Paragraph 2**

3.     Plaintiff William Barkett is a resident of San Diego County in the State of California.

**Plaintiff asserts facts as true Defendant neither admits nor denies these facts but demands strict proof thereof in Paragraph 3.**

4.     Plaintiffs are informed and believe and thereon allege that Defendant Raviv Y. Wolfe ("Wolfe") is a resident of the State of Illinois.

**Defendant admits the allegations in Paragraph 4.**

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.     Plaintiff CVR owns and operates an almond orchard in Kern County comprised of approximately 660 acres.

**Plaintiff asserts facts as true Defendant neither admits nor denies these facts but demands strict proof thereof in Paragraph 5.**

6.     Plaintiff Gordon Shaw owns and operates a wine grape vineyard in Madera County comprised of approximately 470 acres.

**Plaintiff asserts facts as true Defendant neither admits nor denies these facts but demands strict proof thereof in Paragraph 6.**

7.    On an annual basis, Plaintiffs CVR and Gordon Shaw obtain farming lines of credit to farm the properties with the loans being repaid from the proceeds of the farming operations at the conclusion of the crop year. The properties are also subject to permanent financing.

**Plaintiff asserts facts as true Defendant neither admits nor denies these facts but demands strict proof thereof in Paragraph 7.**

8.    In 2008, the crop financing for both Plaintiffs was provided through County Bank. In late 2008 or early 2009, County Bank was taken over by federal bank regulators and then its assets, including the outstanding crop loans to Plaintiffs, sold to West America Bank. Prior to the government takeover of County Bank, County Bank had agreed to provide crop financing to Plaintiffs for the 2009 crop year. After taking over County Bank, however, West America Bank notified Plaintiffs it would not provide crop financing to CVR or Gordon Shaw for 2009 despite the promises made by County Bank to do so. Plaintiffs thus sought out other sources for crop financing on an emergency basis since it was already into the 2009 crop year and Plaintiffs were incurring costs on a monthly basis to maintain the properties and produce the crops. Plaintiffs also sought to refinance other debt on the Plaintiffs' properties.

**Defendant neither admits nor denies the allegations contained in Paragraph 8 herein but demands strict proof thereof.**

9. In or about May 2009, William Barkett, the authorized agent for Plaintiff CVR, was approached by Defendant Wolfe and Raviv Wolfe of Serenity Financial Group ("Serenity Financial"). Defendant Wolfe and Raviv Wolfe confirmed that World Wide Investments, LLC II, a Delaware limited liability company ("World Wide"), could supply the financing required by Plaintiffs on an expedited basis. Plaintiffs immediately contacted World Wide and began the process to obtain the necessary financing, including submitting an application for financing on both CVR and Gordon Shaw.

**Defendant denies the allegations contained in Paragraph 9.**

10. On or about June 1, 2009, Plaintiff CVR was provided a term sheet by Defendant Wolfe and World Wide for a loan in the amount of $6,750,000.00 secured by the CVR farm property. The term sheet called for a fee and deposit totaling $41,500.00. William Barkett signed it on behalf of Plaintiff CVR but the parties agreed to a reduced fee/deposit of $26,500.00 and Plaintiffs paid to World Wide the sum of $26,500.00 as a fee and deposit. A true and correct copy of the term sheet is attached hereto as Exhibit 1.

**Defendant admits the existence of the term sheet but denies all other allegations contained in Paragraph 10.**

11.     On or about June 3, 2009, Plaintiff Gordon Shaw was provided a term sheet by Defendant Wolfe and World Wide for a loan in the amount of $6,525,000.00 secured by the Gordon Shaw property. The term sheet calls for Gordon Shaw to pay fees and a deposit totaling $53,000.00 for that loan commitment. The parties agreed, however, to reduce that fee to $26,500.00 and Plaintiff paid that to World Wide. A true and correct copy of that term sheet is attached hereto as Exhibit 2.

**Defendant admits the existence of the term sheet but denies all other allegations contained in Paragraph 11 and further denies that Raviv Y. Wolfe prepared or provided the "term sheet".**

12.     Under the term sheet agreed to by Plaintiffs, a portion of the amounts that were advanced to World Wide was to cover the cost of appraisals and reports that World Wide claimed were needed for the loans to proceed. Plaintiffs were, and are, according to the term sheets, entitled to copies of the appraisals and reports on request.

**Defendant neither admits or denies that fees were paid but denies fees were paid to him and denies remaining allegations in Paragraph 12.**

13.     Once Plaintiffs signed the term sheets in early June 2009, Plaintiffs proceeded to supply World Wide and Defendant Wolfe with any and all information requested by World Wide and Defendant Wolfe so World Wide could complete its due diligence. Plaintiffs provided whatever information was requested.

**Defendant denies the allegations contained in Paragraph 13.**

14.     Plaintiffs are informed and believe and thereon allege that Defendant Wolfe and World Wide conducted due diligence to ascertain whether the loans should proceed. Plaintiffs and World Wide communicated over the telephone and by email frequently. Plaintiffs answered all of World Wide's questions.

**Defendant denies the allegations contained in Paragraph 14**

15.     Defendant Wolfe and World Wide were made aware by Plaintiffs during this process that the need to obtain the loans was urgent in that the properties involved growing crops that needed to be cared for on an ongoing basis, that Plaintiffs were incurring costs monthly, that Plaintiffs' prior lender, County Bank, no longer existed, and that West America was refusing to consider loans to Plaintiffs.

**Defendant denies the allegations contained in Paragraph 15.**

16.     On or about August 3, 2009, Plaintiff Gordon Shaw received a "Loan Approval" from World Wide for a loan of $6,525,000.00 with interest at 8.59% all secured by the Gordon Shaw property and guaranteed by William Barkett, the principal of Gordon Shaw. A true and correct copy of that Loan Approval is attached hereto as Exhibit 3.

**Defendant admits that a document was prepared but denies that the document was a loan approval, defendant denies any other allegations contained in Paragraph 16 and denies that said document was prepared by or for him.**

17.    As part of the Loan Approval which was accepted and relied on by Plaintiffs, Plaintiffs paid to World Wide a loan commitment fee of $16,500.00. Plaintiffs are informed and believe and thereon allege that a portion of that fee went to Serenity Financial as a commission or other fee.

**Defendant denies the allegations contained in Paragraph 17.**

18.    On or about August 17, 2009, Plaintiff CVR received Loan Approval from World Wide for a loan in the amount of $6,750,000.00 with interest at 8.9% secured by the CVR property and personally guaranteed by William Barkett, the principal of CVR. A true and correct copy of that Loan Approval is attached hereto as Exhibit 4.

**Defendant admits that a document was prepared but not by or for him and denies that the document was a loan approval; defendant denies any other allegations contained in Paragraph 18.**

19.    As part of the Loan Approval for CVR, Plaintiffs paid an additional loan commitment fee of $16,500.00. Plaintiffs are informed and believe and thereon allege that a portion of that fee went to Serenity Financial as a commission or other fee.

**Defendant denies the allegations contained in Paragraph 19.**

20.    Despite the Loan Approvals, World Wide and Defendant Wolfe continued to demand additional information from Plaintiffs and failed to actually advance any funds to Plaintiffs. Plaintiffs continued to work with World Wide and Defendant Wolfe based on Defendant Wolfe's and World Wide's continued representation that the loans would fund soon.

**Defendant denies the allegations contained in Paragraph 20.**

21.    During the delay in dealing with World Wide, Plaintiffs continued to incur additional fees and interest, including default interest and costs to West America and other parties including the farm management company. Plaintiffs were unable to pay all obligations they accrued in the interim. Some obligations other than to West America went into default.

**Defendant neither admits nor denies the allegations contained in Paragraph 21 herein but demands strict proof thereof.**

22.    Because Defendant Wolfe and World Wide continued to indicate to Plaintiffs that the loans would fund soon, i.e., within days, Plaintiffs did not start looking for other potential lenders right away even though Plaintiffs had the ability to do so.

**Defendant denies the allegations contained in Paragraph 22.**

23.    Plaintiffs insisted that World Wide live up to the Loan Approvals and demanded that the loans be funded. World Wide refused to do so.

**Defendant denies the allegations contained in Paragraph 23.**

24.    On or about October 20, 2009, World Wide and Defendant Wolfe informed

Plaintiffs that the loans were "denied" despite the Loan Approvals already issued.

**Defendant admits the allegations contained in Paragraph 24 as to World wide but denies allegation as to the Defendant, Wolfe.**

25.   Plaintiffs immediately demanded copies of all appraisals and reports to which they are entitled and demanded a return of all fees paid.

**Defendant denies the allegations contained in Paragraph 25.**

26.   Defendant Wolfe and World Wide refuse to provide the appraisals or the reports and refuse to return any of the fees paid as they contend the loans had not closed because Plaintiffs failed to provide necessary information or that Plaintiffs misrepresented the status of the properties or the liens against them. These contentions are false.

**Defendant denies the allegations contained in Paragraph 26.**

27.   Defendant Wolfe now contends that Plaintiffs are trying to commit loan or mortgage fraud in seeking the loans. Such statements are defamatory. No misrepresentations were ever made. The information provided by Plaintiffs was accurate in all respects.

**Defendant denies the allegations contained in Paragraph 27.**

28.   World Wide is not licensed or registered to do business in California and consequently is barred from doing business in California. It holds no license in California

9

pursuant to which it is authorized to make loans in California. As a consequence the transactions here were, and are, illegal.

**Defendant denies the allegations contained in Paragraph 28.**

29. Serenity Financial is not licensed or registered to do business in California and consequently is barred from doing business in California. It holds no license in California pursuant to which it is authorized to make loans or assist in making loans in California. As a consequence the transactions here were, and are, illegal.

**Defendant admits that it is not licensed in California but other than herein admits nor denies the allegations contained in Paragraph 29.**

30. Defendant Wolfe has no license to be making or arranging loans in California.

**Defendant admits that it is not licensed in California.**

31. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe is the alter ego of Serenity Financial and an injustice would result if he was permitted to use Serenity Financial to shield himself from personal liability.

**Defendant denies the allegations contained in Paragraph 31.**

32. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe is an agent of World Wide and of Serenity Financial and at all times was acting on these entities'

behalf.

**Defendant denies the allegations contained in Paragraph 32.**

33.     On or about January 5, 2010, Plaintiffs filed a Complaint in the United States District Court Eastern District of California (Case No. CV00020LJODLB). That Complaint raised a cause of action against Defendant Wolfe for Illegality/Rescission/Restitution, RICO and Defamation. A true and correct copy of that Complaint is attached hereto as Exhibit 5. That case is stayed as to Defendant Raviv Wolfe and Defendant Wolfe due to their bankruptcy filing. Plaintiffs incorporate the allegations of that complaint herein and rely on those allegations as further proof to avoid discharge.

**Defendant admits the allegations contained in Paragraph 33.**

34.     On or about August 1, 2010, Defendant Wolfe filed a voluntary petition for Chapter 7 bankruptcy (U.S. Bankruptcy Court Northern District of Illinois Case No. 10-34530).

**Defendant admits the allegations contained in Paragraph 34.**

### FIRST CAUSE OF ACTION

(Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))

35.     Plaintiff incorporates ¶¶ 1 to 34 into this cause of action.

**Defendant restates and realleges his Answers to Paragraphs 1-34 of the Parties as and for his Answers to Paragraphs 1-34 of Count I, as though fully set forth herein.**

36. Defendant Wolfe purported to be licensed to be making and arranging loans in California.

**Defendant denies the allegations contained in Paragraph 36**

37. Defendant Wolfe was an agent of World Wide and Serenity Financial and purported to act on behalf of these entities. By soliciting loans from Plaintiffs, Defendant Wolfe purported that World Wide and Serenity Financial were licensed and registered to do business in California.

**Defendant denies the allegations contained in Paragraph 37.**

38. Defendant Wolfe, Serenity Financial and others conspired together to create and operate an enterprise using the name "World Wide" in order to generate and collect fees from potential borrowers with no intentions of actually making loans. Defendant Wolfe solicited Plaintiffs and engaged in a pattern of activity designed to induce Plaintiffs into paying fees and deposits for no return.

**Defendant denies the allegations contained in Paragraph 38.**

39. In order to carry out this enterprise, Defendant Wolfe engaged in, without limitations, the following predicate acts:

(a)     Wire fraud in violation of 18 USC §1343 in the use of email and fax to communicate misrepresentations identified herein to Plaintiffs and to promote the fraudulent scheme to generate fees for Defendant Wolfe's benefit;

(b)     Mail fraud in violation of 18 USC §1341, in that Defendant Wolfe used the U.S. Postal Service to transmit documents to Plaintiffs as part of his fraudulent scheme to obtain fees and deposits from Plaintiffs;

(c)     Illegal and unlicensed acts in that Defendant Wolfe falsely purported that he, World Wide and Serenity Financial were properly registered and licensed to make and arrange loans in California; and

(d)     Failure to comply with Applicable Disclosure Requirement under federal and state law in making or arranging the loans.

**Defendant denies the allegations contained in Paragraph 39 and further denies each paragraph (a) – (d).**

40.     The actions of Defendant Wolfe as alleged herein are part of a scheme and device arranged and carried out by Defendant Wolfe and others in violation of law and hence the enterprise through which Defendant Wolfe operated the scheme violates RICO. 18 USC §1962(a)(b) and (c).

**Defendant denies the allegations contained in Paragraph 40.**

41.     Defendant Wolfe and others conspired to establish and maintain the enterprise

13

and to engage in the pattern of racketeering activities all in violation of 18 USC §1962(d).

**Defendant denies the allegations contained in Paragraph 41.**

42. As set forth in this cause of action, Defendant Wolfe obtained $86,000.00 from Plaintiffs for loan commitment fees and deposits by false pretenses, a false representation, and actual fraud. No loan was issued, so that money must be returned to Plaintiffs. This debt should not be discharged in bankruptcy.

**Defendant denies the allegations contained in Paragraph 42.**

### SECOND CAUSE OF ACTION
### (Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

43. Plaintiff incorporates ¶¶ 1 to 42 into this cause of action.

**Defendant restates and realleges his Answers to Paragraphs 1-42 of the Parties as and for his Answers to Paragraphs 1-42 above, as though fully set forth herein.**

44. Defendant Wolfe sent email and correspondence in which he stated that Plaintiffs were attempting to or were committing fraud in seeking loans from World Wide.

**Defendant denies the allegations contained in Paragraph 44.**

45. Plaintiffs are informed and believe and thereon allege that Defendant Wolfe has made similar statements to third parties all with the intention of defaming Plaintiffs and seeking to dissuade Plaintiffs from seeking return of fees and deposits illegally collected by Defendant Wolfe and World Wide.

**Defendant denies the allegations contained in Paragraph 45**

46. None of said statements are true. In fact, Plaintiffs have not made any misrepresentations to anyone and there was and is no fraud.

**Defendant denies the allegations contained in Paragraph 46.**

47. Defendant Wolfe acted willfully and maliciously when he defamed Plaintiffs.

**Defendant denies the allegations contained in Paragraph 47.**

48. Plaintiffs have been damaged by the defamation by Defendant Wolfe in that Defendant Wolfe has impugned Plaintiffs' honesty and integrity; all to be shown according to proof.

**Defendant denies the allegations contained in Paragraph 48.**

49. Defendant Wolfe's RICO violations were willful and malicious and Plaintiffs are entitled to damages as provided in 18 USC §1964(c). In addition, as provided in 18 USC §1964(c). Plaintiffs are entitled to recover their attorney's fees.

**Defendant denies the allegations contained in Paragraph 49.**

50.     As a result of Defendant Wolfe's violations of RICO, Plaintiffs have been damaged in an amount which will be shown according to proof but which Plaintiffs are informed and believe and thereon allege exceeds $500,000.00 according to proof.

### Defendant denies the allegations contained in Paragraph 50

51.     The actions by Defendant Wolfe set forth herein constitute willful and malicious injury to Plaintiffs. Defendant Wolfe is liable to pay damages to Plaintiffs for this willful and malicious injury as set forth herein. This debt should not be discharged in bankruptcy.

### Defendant denies the allegations contained in Paragraph 51

WHEREFORE, the Defendant, RAVIV Y. WOLFE, prays for entry of a Judgment in his favor and against the Plaintiff, CENTRAL VALLEY RANCH, LLC. dismissing the Plaintiff's Complaint to Determine Dischargeability of Debt together with costs and attorney's fees and such other and further relief as this Court deems equitable and just.

### AFFIRMATIVE DEFENSE

NOW COMES the debtor and for an affirmative defense to the complaint to determine the dischargeability states as follows:

1.     That the petition clearly states that there was not privity of contract between the debtor and creditor nor was there the any contractual relationship between Worldwide Investment and debtor. The attachments to the petition fail to support the creditor's allegations and are insufficient to support creditor's petition.

2.  The underlying complaint was filed for the purpose of malice and with the intent of causing the debtor to incur expense and for the purpose of retribution and not based upon a viable cause of action. Attached hereto are emails from business associates and mortgage brokers associated with the Plaintiff's corporation (creditor) and William Barkett (creditor).

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

RAVIV Y. WOLFE

DWIGHT C. ADAMS & ASSOCIATES
Attorneys for Defendant
1855 Rohlwing Road #D
Rolling Meadows, IL 60008
847-818-8060

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

**Bryan Pilosi**

From: Steve Schaffer [schaffer@san.rr.com]
Sent: Wednesday, September 02, 2009 9:35 PM
To: michael christopher
Cc: brett everett; jaimietakajo; Raviv Wolfe; Bryan Pilosi
Subject: Re: Relationship

I hate to say it... but, I told you so.
There is a lot that can be done to people like this.
At least you can get some satisfaction for your client's lost money.

On Sep 2, 2009, at 7:21 PM, michael christopher wrote:

> fyi
>
> ---
>
> From: michaelchristopher1@hotmail.com
> To: rwolfe@serenityfinancial.net; bpilosi@serenityfinancial.net
> CC: jaimietakajo@aol.com
> Subject: Relationship
> Date: Wed, 2 Sep 2009 19:21:07 -0700
>
> Raivi & Brian, The relationship between You and I is over. I never want to hear from you ever again. As for AL or what ever his name is, when I was a kid growing up in NY we had a term for guys like Al. JAMF, it stands for JIVE ASS MOTHER FUCKER. You two should run as fast as you can because KARMA is going to run you over. MAC

**Steve Schaffer**
**Coast Capital Solutions**
**La Jolla, CA**
**(O) 858-454-9595**
**(M) 858-945-5800**
(Party) 231-644-8000 #536532

9/3/2009

## Bryan Pilosi

**From:** Steve Schaffer [schaffer@san.rr.com]
**Sent:** Thursday, September 03, 2009 7:26 PM
**To:** Raviv Wolfe; Bryan Pilosi
**Subject:** I googled you guys and this popped up!

Raviv and Bryan



9/4/2009